# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

MIRACLE HURSTON,           )
           )
         Plaintiff,    )
           )
         v.          )      No. 1:25-cv-00887-TWP-MG
           )
INDIANA GAMING COMPANY LLC, dba   )
HOLLYWOOD CASINO LAWRENCEBURG,  )
           )
         Defendant.   )

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO EXPEDITE, ENTRY SCREENING COMPLAINT, AND ORDER TO SHOW CAUSE

This matter is before the Court on *pro se* Plaintiff Miracle Hurston's ("Hurston") Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 2) and Motion to Expedite Ruling on in Forma Pauperis Status (Dkt. 6). For the reasons explained below, both requests are **granted**. Because Hurston is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A.    Filing Fee

Hurston's Motion to Expedite (Dkt. 6) is **granted**, as this Order provides the status of his pending motion, and his motion to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 2) is also **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Hurston's *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("Court

does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.    Screening**

The Seventh Circuit has explained,

> District courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citation modified).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

C.    **Hurston's Complaint**

On May 7, 2025, Hurston file his Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, seeking a ruling that Defendant, Indiana Gaming Company LLC, d/b/a/ Hollywood Casino Lawrenceburg's ("Defendant") "continued pursuit of Malicious Prosecution and Abuse of Process claims in Dearborn Superior Court 2, Indiana (Case No. 15D02-2206-CT000017) is legally insufficient, violates principles of res judicata, contradicts prior rulings of this Court, and infringes upon Plaintiff's federally protected petitioning rights under the Noerr-Pennington Doctrine and First Amendment."  (Dkt. 1 at 1).  This action relates to three others involving Hurston—two federal actions and one state court action—so the Court will give a brief procedural history of those actions before discussing the instant case.

In 2019, Hurston filed an action in this Court against Indiana Gaming (the "First Federal Action"), No. 1:19-cv-04890-TWP-TAB (S.D. Ind. Dec. 11, 2019), asserting claims arising out of alleged racial confrontations and incidents at a casino operated by Indiana Gaming. In 2021, while the First Federal Action was pending, Hurston filed a second federal action against Indiana Gaming (the "Second Federal Action"), No. 1:21-cv-02768-JPH-MG (S.D. Ind. Nov. 2, 2021). Indiana Gaming moved to dismiss the Second Federal Action as duplicative and improper claim splitting. The Court granted the motion to dismiss in March 2022 and dismissed the Second Federal Action with prejudice. Order Granting Def.'s Mot. to Dismiss, Dkt No. 23, *Hurston*, No. 1:21-cv-02768-JPH-MG (S.D. Ind. Mar. 1, 2022).

In June 2022, while the First Federal Action was still pending, Indiana Gaming filed an action against Hurston in the Dearborn Superior Court, Case No. 15D02-2206-CT-000017 (the "State Court Case"). In the State Court Case, Indiana Gaming asserts claims for abuse of process and malicious prosecution as to the First and Second Federal Actions, respectively. The State Court Case remains pending.

3

On November 28, 2022, this Court in the First Federal Action entered an order granting summary judgment in favor of Indiana Gaming. Following final judgment, the parties filed cross-motions for fees and costs, and Indiana Gaming also filed a motion for sanctions. On May 22, 2023, the Court granted Indiana Gaming's Bill of Costs, awarding it $1,832.95, but denied both parties' motions for fees and denied Indiana Gaming's motion for sanctions. Order on Mot. for Fees & Costs & Mot. for Tr., Dkt. No. 338, *Hurston*, No. 1:19-cv-04890-TWP-TAB (S.D. Ind. May 22, 2023). This Court concluded, in part, that Hurston's litigation activity in the First Federal Case was not done "for the purpose of delay, harassment, or increasing costs," and was not "frivolous, in bad faith, or an abuse of the judicial system." *Id.* at ECF pp. 9–10.

Meanwhile, the parties continued vigorously litigating the State Court Case. They filed numerous motions and amended their pleadings several times, and Hurston pursued an interlocutory appeal before the Indiana Court of Appeals. In December 2024, Hurston filed a Motion for Judgment on the Pleadings, in which he cited this Court's May 22, 2023 order denying Indiana Gaming's motion for sanctions. Mot. on the Pleadings, *Hurston v. Ind. Gaming Co. LLC*, No. 15D02-2206-CT-000017 (Dearborn Sup. Ct. Dec. 13, 2024). On April 2, 2025, the State Court denied Hurston's Motion for Judgment on the Pleadings. Soon after, Hurston filed a Motion to Reconsider, an Objection to the April 2, 2025 Order, a Motion to Dismiss under Indiana's Anti-SLAPP statute, and a Motion to Certify Interlocutory Appeal. In these motions, Hurston again cited this Court's May 22, 2023 Order. On May 5, 2025, the State Court held a telephonic status conference regarding Hurston's pending motions. The State Court later denied Hurston's Motion to Reconsider, overruled his Objection, and declined to certify its order for interlocutory appeal. Hurston's Motion to Dismiss based on the Anti-SLAPP statute remains pending. Order, *Hurston*, No. 15D02-2206-CT-000017 (Dearborn Sup. Ct. June 4, 2024).

On May 7, 2025, Hurston initiated the instant federal action alleging that the claims in the State Court Case "improperly seek to relitigate matters already determined by this Court to be legally insufficient," based on this Court's May 22, 2023 Order (Dkt. 1 at 3). He argues that the State Court Case violates *res judicata* and his First Amendment rights, and seeks an order declaring that the State Court claims are barred by *res judicata*, contradict this Court's May 22, 2023 Order, and violate his First Amendment rights. Hurston also requests an order dismissing the State Court Case and awarding him costs and fees (Dkt. 1 at 5).

**D.    Dismissal of the Complaint**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "no court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999) (citation modified); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate the claims in this action for two main reasons. First, Hurston fails to establish this Court's federal question or diversity jurisdiction over this action. Second, and more fundamentally, this Court must abstain from exercising federal jurisdiction over claims that would interfere with the ongoing State Court Case.

### 1. Federal Question or Diversity Jurisdiction

In his self-prepared Cover Sheet, Hurston states that this Court's jurisdiction is based on federal question. 28 U.S.C. § 1331. However, none of the three claims in the Complaint creates federal question jurisdiction. In Count I, Hurston requests relief under the federal declaratory judgment statute, 28 U.S.C. § 2201. However, this statute does not independently confer jurisdiction upon a federal court. *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 253–254 (7th Cir. 1981), *cert. denied*, 455 U.S. 993 (1982). It is a procedural statute and does not confer any substantive rights. In other words, the statute provides only a remedy, not a federal claim. *Bourazak v. N. River Ins. Co.*, 379 F.2d 530, 533 (7th Cir. 1967).

Count II alleges a violation of *res judicata*. *Res judicata* is a legal doctrine that prevents parties from attempting to relitigate claims. It is not an independent cause of action. Hurston can— and did—argue in the State Court Case that Indiana Gaming's claims should be dismissed pursuant to *res judicata*. But Hurston cannot bring a "claim" for *res judicata*.

Count III alleges violations of Hurston's rights under the First Amendment of the United States Constitution and under the *Noerr-Pennington* doctrine. Hurston's First Amendment claim is necessarily brought under 42 U.S.C. § 1983 ("Section 1983"), which provides a private right of action for constitutional deprivations that occur "under color of" state law. Actions for constitutional violations under Section 1983 "may only be maintained against defendants who act under color of state law," which is why "the defendants in § 1983 cases are usually government officials" and not private companies like Indiana Gaming. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (citing *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir.1999)). Hurston's First Amendment claim is therefore subject to dismissal.

The *Noerr-Pennington* doctrine provides First Amendment immunity "from antitrust liability for engaging in conduct (including litigation) aimed at influencing decisionmaking by the government." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1757 (2014); *see United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965); *E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135 (1961). Hurston appears to allege that under *Noerr-Pennington*, he is immune from the State Court claims because he had a First Amendment right to litigate the First and Second Federal Actions. However, *Noerr-Pennington* immunity does not apply here. "The *Noerr-Pennington* doctrine is concerned solely with the right to attempt to influence government action." *MCI Commc'ns Corp. v. Am. Tel. & Telegraph Co.*, 708 F.2d 1081, 1159 (7th Cir. 1983). Hurston identifies no cases, and the Court could find none, that apply *Noerr-*

*Pennington* immunity to litigation completely unrelated to governmental action, such as the First and Second Federal Actions. Hurston's *Noerr-Pennington* claim must therefore be dismissed.

Because Hurston has not sufficiently alleged any plausible federal claims, he is left with only potential state law claims (though none are specified in the Complaint). This Court may not exercise federal jurisdiction over state law claims if diversity jurisdiction is lacking. The Complaint alleges that Hurston is a citizen of Ohio, but he does not adequately allege the citizenship of Indiana Gaming. The citizenship of an LLC, like Indiana Gaming Company LLC, "is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (discussing citizenship of LLCs). It is not enough to identify Indiana Gaming's state of operation, state of organization, principal place of business, or parent companies. In order for the Court to determine the citizenship of Indiana Gaming, Hurston must identify its members and each member's state(s) of citizenship. Because the Complaint does not adequately allege the citizenship of Indiana Gaming, the Court cannot determine whether there is complete diversity, and any state law claims must be dismissed for lack of subject-matter jurisdiction.

### 2. __Abstention__

For the reasons explained above, all of Hurston's claims are subject to dismissal for lack of subject-matter jurisdiction because the Complaint fails to state a plausible federal claim and fails to adequately allege diversity of citizenship. To the extent the Court could exercise jurisdiction over any claims, though, the Court must abstain from exercising that jurisdiction. Generally, "'when a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its *duty* to take such jurisdiction.'" *J.B. v. Woodard*, 997 F.3d 714, 721 (7th Cir. 2021) (citation modified) (emphasis in original) (quoting *New Orleans Pub. Servs., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358–59 (1989)). "Under established abstention doctrines, however, a federal court may, and often must, decline to exercise its jurisdiction where doing so would intrude

upon the independence of the state courts and their ability to resolve the cases before them." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). "A common thread underlying the Supreme Court's abstention cases is that they all implicate (in one way or another and to different degrees) underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *J.B.*, 997 F.3d at 722.

This Court must abstain from exercising federal jurisdiction based on the "general principals of federalism that underlie all of the abstention doctrines." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018). "The adjudication of [Hurston's claims] threaten interference with and disruption of [the State Court Case] to such a degree as to all but compel the federal judiciary to stand down." *J.B.*, 997 F.3d at 723. To be sure, Hurston is asking this Court to issue a declaratory judgment resolving dispositive issues in, *and dismissing*, the State Court Case. "Granting declaratory or injunctive relief would provide [Hurston] with an offensive tool to take to state court to challenge that judge's orders. In these circumstances, federal courts need to stay on the sidelines." *Id.* (citation modified). Therefore, "under the foundational principles of our federal system," this Court will abstain from exercising federal jurisdiction.

Having concluded that abstention is appropriate, if not required, the only remaining question is whether abstention via stay or dismissal is appropriate. Generally, a stay is preferred if the plaintiff is seeking a type of relief he cannot obtain from the state court. *Id.* at 724–25. Here, Hurston seeks only declaratory relief and costs, which the State Court can award, so a stay is not preferable. *Courthouse News Serv.*, 908 F.3d 1071 ("Unless and until the state courts have proven unwilling to address an alleged . . . violation . . . the federal courts should not exercise jurisdiction over the matter."). Moreover, a stay would offer no benefit to the parties or the Court, because by

the time the State Court Case concludes and the stay is lifted, the issues on which Hurston seeks declaratory judgment will have decided. Abstention via **dismissal** is therefore proper.

**E.      Opportunity to Show Cause**

Hurston shall have through **July 21, 2025**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Hurston elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555; quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Hurston claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## CONCLUSION

For the reasons stated above, Hurston's Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 2) and Motion to Expedite Ruling on in Forma Pauperis Status (Dkt. 6) are both **GRANTED**.

Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Hurston is granted leave to file an amended complaint by no later than **July 21, 2025,**

if doing so would not be futile. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above. If Hurston elects to file an amended complaint, the Court will conduct a jurisdictional screening of that new pleading before Defendants are required to respond.

**SO ORDERED**.

Date: ___6/18/2025___

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MIRACLE HURSTON
1812 Grand Avenue
Middletown, OH 45042