

Exhibit A

June 14, 2019

Miracle Hurston
1812 Grand Avenue
Middletown, OH 45044

Mr. Hurston:

Please be advised that you are now excluded from Hollywood Casino Lawrenceburg. This action was taken in accordance with your actions on June 8, 2019 at Hollywood Lawrenceburg. Therefore, you are excluded for a period of one year. As a result of this exclusion, your Marquee Rewards benefits, if any, are now forfeited pursuant to the Marquee Rewards program terms and conditions as set forth below:

28.  Persons who are on a Disassociated Patrons, Voluntary/State Exclusion or Self Eviction list in jurisdictions in which Penn operates or who have been otherwise excluded from a Penn property are not eligible to participate in the Marquee Rewards program.

This eviction supersedes any invitation, offer, coupon or the like which you have received, or may hereafter receive from Hollywood Lawrenceburg. Your presence on Hollywood's property constitutes criminal trespass in violation of Indiana Code §35-43-2-2, a Class A misdemeanor. If you return to Hollywood, you will forfeit all your winnings and wagers (chips in your possession, credits on machines, or TITO tickets). You will be responsible for any taxes on any winnings. All forfeited funds will be donated to a problem gaming treatment organization of Hollywood's choice.

If you have any questions, contact me at (812) 539-8200.

Sincerely,

*Tristica Howard*

Tristica Howard
Compliance Manager
Hollywood Casino Lawrenceburg

cc: General Manager, Casino Credit, Security, and Surveillance

Exhibit B<br>Fee Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MIRACLE HURSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-04890-TWP-TAB |
| INDIANA GAMING COMPANY LLC, | ) ) ) |
| Defendant. | ) |

**ORDER ON MOTIONS FOR FEES AND COSTS**
**AND MOTION FOR TRANSCRIPT**

This matter is before the Court on several post-judgment motions filed by the parties. *Pro se* Plaintiff Miracle Hurston ("Hurston") has filed a Motion for Fees and Costs (Dkt. 307), and Motion for Transcript (Dkt. 335). Defendant Indiana Gaming Company LLC ("Indiana Gaming") has filed a Motion for Fees and Costs (Dkt. 297), Motion for Costs (Dkt. 298), Motion for Attorney Fees and Excess Costs and Expenses (Dkt. 299), and Motion for Sanctions (Dkt. 301).

In December 2019, Hurston initiated this lawsuit against Indiana Gaming alleging several incidents of racial discrimination involving Hollywood Casino Lawrenceburg (the "Casino"), which is operated by Indiana Gaming (Dkt. 1). After years of hard-fought, protracted litigation, summary judgment was entered against Hurston and in favor of Indiana Gaming (Dkt. 294), and the Court issued a Final Judgment closing the action (Dkt. 295). The pending Motions quickly followed. Thereafter Hurston filed a Notice of Appeal (Dkt. 309), and his appeal is pending. Although the district court loses jurisdiction over most motions pending appeal, the instant motions remain reviewable. For the reasons stated below, the Court **grants** Indiana Gaming's Bill of Costs and **denies** the rest of the Motions.

## I. BACKGROUND

On December 11, 2019, Hurston initiated this litigation against Indiana Gaming because of a number of alleged racial confrontations and incidents involving the Casino's employees and patrons (Dkt. 1). Hurston asserted claims of race discrimination, breach of contract, harassment, retaliation, conspiracy, and negligence—all under Indiana state law. *Id.* On December 16, 2019, the Court screened Hurston's Complaint, determined that subject-matter jurisdiction was lacking, and allowed Hurston to file an amended complaint (Dkt. 4). Hurston filed his First Amended Complaint on January 21, 2020, alleging race discrimination under Title II of the Civil Rights Act of 1964, false imprisonment, intentional infliction of emotional distress, breach of contract, harassment, retaliation, conspiracy, and negligence (Dkt. 5). On April 17, 2020, Hurston filed his Second Amended Complaint, removing the harassment, retaliation, and conspiracy causes of action, and adding a claim under 42 U.S.C. § 1981 (Dkt. 17).

On October 26, 2020, the Court granted a motion to dismiss Hurston's claim for violation of Title II of the Civil Rights Act of 1964, as well as his false imprisonment and negligence claims (Dkt. 49 at 23). Hurston's claims for Section 1981 discrimination, intentional infliction of emotional distress, and breach of contract were permitted to proceed. *Id.* Following additional requests to amend his pleadings, on May 12, 2021, Hurston filed a motion for leave to file a fifth amended complaint, explaining that the "amended complaint will name defendants Indiana Gaming Company LLC dba Hollywood Casino Lawrenceburg, and Penn National Gaming INC. … [, and] [t]he amended complaint will include only the current remaining claims…." (Dkt. 113.) The Court again granted Hurston leave to amend, and his Fifth Amended Complaint was filed on June 11, 2021 (Dkt. 128). The Fifth Amended Complaint brought claims against Indiana Gaming for violation of 42 U.S.C. § 1981, intentional infliction of emotional distress, and breach of contract. *Id.*

2

Less than two weeks later, on June 23, 2021, Indiana Gaming filed a motion for summary judgment (Dkt. 139), and Hurston cross-moved for summary judgment on July 8, 2021 (Dkt. 145). The parties engaged in extensive discovery disputes and participated in numerous conferences with the magistrate judge. In the interest of pursuing settlement of the claims, the parties withdrew their motions for summary judgment and participated in a settlement conference on May 10, 2022 (Dkt. 241; Dkt. 247). The parties were unable to reach an agreement to settle the claims, so Indiana Gaming promptly refiled its motion for summary judgment that same day on May 10, 2022 (Dkt. 244). On July 1, 2022, Hurston also refiled his motion for summary judgment (Dkt. 276).

During the time between filing the first motion for summary judgment and participating in the settlement conference, Hurston initiated a new lawsuit against Indiana Gaming by filing a complaint under Case Number 1:21-cv-02768-TWP-DLP on November 2, 2021. In that case, Hurston asserted claims for race discrimination under Title II of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, retaliation under 42 U.S.C. § 1981, retaliation under Title VII of the Civil Rights Act of 1964, retaliation under 42 U.S.C. § 12203, and intentional infliction of emotional distress. His claims were based upon an incident that occurred at the Casino on February 12, 2021. Indiana Gaming moved to dismiss the second lawsuit on the basis that the second action was improperly claim splitting and duplicative of this civil action. The Court granted the motion to dismiss, finding that the second case indeed was improperly claim splitting and duplicative.

The day after the Court denied Hurston's motion to reconsider dismissal of his second lawsuit, Hurston filed another motion for leave to amend his Fifth Amended Complaint in this civil action (Dkt. 281). He sought to add the claims he tried to bring in the second lawsuit based upon the February 12, 2021 incident at the Casino. The Court denied Hurston's motion to amend his pleadings on November 4, 2022 (Dkt. 293). In particular, the Court found that "the time for amending the complaint is over" and permitting Hurston to file a sixth amended complaint "would

3

delay these proceedings and prejudice Indiana Gaming—discovery has been completed, the parties have filed cross-motions for summary judgment, and the trial date is fast approaching". *Id*. At 4.

On November 28, 2022, the Court granted Indiana Gaming's refiled motion for summary judgment and denied Hurston's refiled motion for summary judgment (Dkt. 294). Final Judgment was issued that same day (Dkt. 295). Soon thereafter, Indiana Gaming filed its three Motions for Fees and Costs and its Bill of Costs (Dkt. 297; Dkt. 298; Dkt. 299; Dkt. 301), which was followed by Hurston filing his own Motion for Fees and Costs (Dkt. 307) and a Motion for Transcript (Dkt. 335).

## II. <u>LEGAL STANDARDS</u>

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined--the court must award costs unless it states good reasons for denying them." *Id.* Absent a showing of clear abuse of discretion, a district court's award of costs will not be overturned "[a]s long as there is statutory authority for allowing a particular item to be taxed as a cost." *Id.*

"Statutory authority exists for the award of costs in this case." *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 454 (7th Cir. 1998). Under 28 U.S.C. § 1920, a federal court may tax as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

4

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. When awarding costs, district courts exercise discretion in determining whether the costs were reasonable and necessary to the litigation. *Cengr*, 135 F.3d at 453–54.

The American rule regarding an award of attorney's fees is that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010).

The prevailing party in a civil rights action may be awarded reasonable attorney's fees under 42 U.S.C. § 1988. "In any action or proceeding to enforce a provision of section[] 1981…, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…." 42 U.S.C. § 1988. "A defendant may be reimbursed for costs under § 1988 upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Miller v. Vohne Liche Kennels, Inc.*, 2014 WL 958279, at *2 (S.D. Ind. Mar. 12, 2014) (internal citations and quotation marks omitted).

Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious," and the attorney may be subject to an attorney fees sanction under 28 U.S.C. § 1927. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (citation and quotation marks omitted).

5

Federal Rule of Civil Procedure 11 states that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11(b) provides,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

> "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). "Because of their very potency," courts generally must exercise "restraint and discretion" before exercising their inherent powers to sanction parties for misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

*Miller v. Vohne Liche Kennels, Inc.*, 2013 WL 1363578, at *3 (S.D. Ind. Apr. 3, 2013). The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Apostle v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989). However, the district court retains jurisdiction to rule on matters such as bills of costs, attorney fees, and sanctions. *Id*. (District courts award costs and attorneys' fees while the courts of appeals consider the merits).

6

### III.     DISCUSSION

Indiana Gaming filed its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, asking the Court to award costs that it incurred in defending against this litigation, which are permitted to be taxed under Section 1920.  Indiana Gaming also filed three separate Motions seeking attorney's fees and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11.  Indiana Gaming relies on the same factual basis for each Motion. Hurston also filed a Motion seeking attorney's fees and costs pursuant to 28 U.S.C. § 1927.  Because each of the Motions is based upon the same facts, the Court will discuss the Motions together.

Indiana Gaming argues that it should be awarded attorney's fees and costs incurred in this litigation because Hurston's lawsuit was frivolous, unreasonable, and without foundation. It contends that Hurston unreasonably and vexatiously multiplied the proceedings in the case. Indiana Gaming warned Hurston many times throughout the litigation that his filings were frivolous, that they lacked any evidentiary support, and that they were not supported by law.  It warned him that the evidence did not support his factual assertions.  Additionally, it warned Hurston that it would seek fees and costs if he did not withdraw his motions filed throughout the litigation.  Yet, Hurston did not withdraw his frivolous filings, thereby—according to Indiana Gaming—forced Indiana Gaming to incur unnecessary fees and costs in responding.

The bad faith and frivolous nature of Hurston's claims and litigation, Indiana Gaming argues, are evident from his many amended complaints, which contained the same factual allegations over and over, and about which he was warned by Indiana Gaming were without merit and evidence. Indiana Gaming contends that Hurston's frivolity and bad faith are evident from his decision to file a second, duplicative lawsuit, and when the Court dismissed that case, Hurston tried to amend his pleadings in this case to include the dismissed claims from the second,

7

duplicative case. Indiana Gaming asserts that it was frivolous and in bad faith that Hurston filed his own summary judgment motion and a second summary judgment motion after Indiana Gaming had explained to him that his claims lacked any factual or evidentiary support.

Indiana Gaming points out that in the middle of this litigation, on December 10, 2020, Hurston sent a "Notice of Action" to defense counsel making numerous threats against the Casino if it did not settle this case with him. Hurston threatened to go to the media and to distribute a "blue print" [sic] of "how to carry out these sort of lawsuits" to hurt the Casino's "bottom line." (*See* Dkt. 301-1.) In the letter, Hurston noted his opinion that it was clear the money at stake in the litigation was not an issue. Indiana Gaming argues that Hurston's letter to defense counsel demonstrates the improper motive and purpose in filing this action and continuing to file frivolous motions against the Casino, which warrants sanctions in the form of attorney's fees and costs.

Hurston argues that he should be awarded fees and costs because, during the discovery disputes in this case, Indiana Gaming unreasonably and vexatiously multiplied the proceedings by not being truthful regarding its search and retrieval of information. Because of Indiana Gaming's conduct, the Court had to hold multiple days of hearings regarding sanctions and a show cause order, and Hurston ultimately was successful regarding his sanctions request for Indiana Gaming's discovery shortcomings.

After carefully reviewing the parties' arguments, the case law, and the history of this litigation, the Court finds that awarding attorney's fees to either side is not warranted. This litigation was hard-fought and at times emotionally charged. While *pro se* litigants are not excused from violating procedural rules and requirements, it is not surprising that Hurston may not have been familiar with litigation strategy or some of the legal elements required to support his claims and how the evidence could (or could not) support his claims. Indiana Gaming states many times throughout its Motions that defense counsel advised Hurston on numerous occasions that many of

his filings were frivolous and not supported by law or fact. However, given the nature of the adversarial process of litigation, it is not unexpected that a *pro se* party such as Hurston may not have trusted or given weight to opposing counsel's statements about the litigation and about his claims. And just because an opposing counsel states that a *pro se* plaintiff's claims are frivolous does not make them so.

> Indiana Gaming asserts throughout its Motions:
>
> The facts and circumstances surrounding the legal actions filed by Plaintiff against the Casino demonstrate his ulterior and improper purpose for such filings; to harass, extort money, seek revenge, and force access to the Casino after Plaintiff was appropriately banned due to his behavior toward guests and staff over the years.

(Dkt. 301 at 2.)

The Court concludes otherwise. Some of the filings submitted by Hurston, of which Indiana Gaming now complains, simply were response filings to Indiana Gaming's filings. Some of Hurston's filings were requests for various sanctions against Indiana Gaming based upon Hurston's view that Indiana Gaming had not cooperated in discovery or had been dishonest. Other filings were procedurally improper, but many of these filings are understandable given Hurston's *pro se* status and his lack of legal understanding and education. Further, filing a cross-motion for summary judgment after an opposing party filed a summary judgment motion is not improper. While Indiana Gaming characterizes most of Hurston's filings, positions, and arguments as frivolous, Hurston believed in his positions and arguments based on his view of the evidence, and he vigorously advocated for his cause.

Additionally, some of Hurston's filings were the result of his lack of understanding some of the Court's rulings, and he sought clarification or reconsideration not fully understanding the limitations of such procedure. Hurston also filed some duplicative filings to correct grammatical or clerical errors in his initial filings. While these filings were not necessary, the Court does not believe such filings were for the purpose of delay, harassment, or increasing costs.

9

Moreover, following the screening of Hurston's initial Complaint, the Court found that it lacked necessary jurisdictional allegations, so the Court ordered Hurston to file an amended complaint. Hurston complied and filed an Amended Complaint, and the Court again screened the pleading, determining that it was not frivolous and that it did not fail to state a claim at the initial screening level. This undercuts Indiana Gaming's argument that Hurston's lawsuit was frivolous from the beginning. Furthermore, Indiana Gaming's motion to dismiss was denied as to some of Hurston's claims, (*see* Dkt. 49), further undermining Indiana Gaming's argument that the lawsuit was frivolous from the beginning.

While the Court believes that Hurston's December 10, 2020 letter attempting to encourage settlement was inappropriate and distasteful, the letter does not show Hurston's lawsuit and ongoing litigation activity was frivolous, in bad faith, or an abuse of the judicial system. Rather, the Court views the letter as an inartful attempt by a *pro se* litigant to vigorously fight for his case and to push for settlement of his claims.

As to Hurston's request for attorney's fees, such an award would be inappropriate. His request is based upon the same conduct he complained of in his earlier motion for sanctions, (*see* Dkt. 251), and for which the Court already ruled in favor of Hurston and awarded him $2,500.00, (*see* Dkt. 296). Furthermore, *pro se* litigants are not entitled to collect attorney's fees, and a non-attorney is not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432 (1991); *Smith v. DeBartoli*, 769 F.2d 451, 453 (7th Cir. 1985); *DeBold v. Stimson*, 735 F.2d 1037, 1041 (7th Cir. 1984).

Each of the statutes and rules relied upon by the parties for requesting fees gives the Court discretion by clearly stating it **may** award fees. Exercising that discretion to award fees is especially appropriate when frivolity or bad faith is involved. But in a case where such is lacking—which the Court determines to be the case here—the Court concludes that following the American

10

rule regarding an award of attorney's fees is appropriate: "Each litigant pays his own attorney's fees, win or lose." *Hardt*, 560 U.S. at 253.

As to Indiana Gaming's Bill of Costs, (Dkt. 298), the Court notes Rule 54(d)'s strong presumption that the prevailing party will recover costs, as the Rule states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As the prevailing party, Indiana Gaming asks for fees for printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $1,767.95, and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case in the amount of $65.00, for a total of $1,832.95 in taxable costs. These costs are taxable pursuant to 28 U.S.C. § 1920. Indiana Gaming provided invoices to support the requested costs (Dkt. 298 at 3–9). The Court concludes that these costs for hearing transcripts and flash drives for evidence were reasonable and necessary to the litigation. Therefore, the Court **grants** the Bill of Costs and awards Indiana Gaming **$1,832.95** in taxable costs against Hurston. However, the Court will **stay payment** of taxable costs until Hurston's appeal is resolved. (*See*, e.g., *Kittler v. City of Chi.*, 2006 WL 1762036, at *2 (N.D. Ill. June 26, 2006); *Sembos v. Philips Components,* 2003 WL 22533579, at *1 (N.D.Ill. Nov. 6, 2003) (citing cases)).

Finally, regarding Hurston's Motion for Transcript (Dkt. 335), Hurston requested a copy of the transcript of the hearing held on March 10, 2022. Subsequent to filing his Motion, he has paid for and received a copy of the transcript of the March 10, 2022 hearing from the court reporter (*see* Dkt. 336; Dkt. 337), so this Motion is **denied as moot**.

## IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** Indiana Gaming's Bill of Costs (Dkt. 298) and awards Indiana Gaming **$1,832.95** in taxable costs against Hurston. The Court will **stay**

the enforcement of the bill of costs pending appeal. The Court **DENIES** the parties' Motions for Fees and Costs (Dkt. 297; Dkt. 299; Dkt. 301; Dkt. 307) as well as Hurston's Motion for Transcript (Dkt. 335).

    **SO ORDERED.**

Date: 5/22/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Miracle Hurston
1812 Grand Avenue
Middletown, Ohio 45044

Catherine A. Breitweiser-Hurst
JOHNSON & BELL, PC
breitweiserhurstc@jbltd.com

Edward W. Hearn
JOHNSON & BELL, PC
hearne@jbltd.com



Edward W. Hearn

DIRECT (219)472-7500
EMAIL: HEARNE@JBLTD.COM

January 20, 2021

Exhibit C

<u>Via Certified Mail & Email</u>
Miracle Hurston
1812 Grand Ave.
Middletown, OH 45044
Miracle_1H1@hotmail.com

   **Re:**  ***<u>Miracle Hurston v. Penn National Gaming, Inc. d/b/a Hollywood Casino</u>***
       **Court No.:** **1:19-cv-04890-TWP-DLP**
       **Date of Loss: April 7, 2018**
       **Claim No:**  **189203866**

Dear Mr. Hurston:

  Please be advised that effective immediately you are excluded from Hollywood Casino Lawrenceburg, 777 Hollywood Boulevard, Lawrenceburg, Indiana indefinitely. This action has been taken for the following reasons:

- June 8, 2019 physical and verbal incident on the premises of Hollywood Casino and Hotel involving you and another patron of Hollywood Casino;

- January 2020 lawsuit filed by you against Penn National Gaming, Inc. d/b/a Hollywood Casino which suit is currently pending;

- Fall of 2020 you came to Hollywood Casino Lawrenceburg and spoke with a Hollywood Casino employee concerning allegations contained in the pending lawsuit without prior permission or knowledge of Hollywood Casino Defense counsel;

- December 5, 2020 you came to Hollywood Casino Lawrenceburg to speak with a Hollywood Casino employee about incidents alleged in your pending lawsuit against Penn National Gaming, Inc. d/b/a Hollywood Casino which the employee may have witnessed, as acknowledged under oath during your January 7, 2021 deposition. Said conversation between you and said employee of Hollywood Casino Lawrenceburg concerning the allegations in your pending lawsuit took place without prior permission or knowledge of Hollywood Casino Defense counsel;

- You have made threats to publicly paint Hollywood Casino in a false light that could be damaging to its business;

- You have accused Hollywood Casino of altering its surveillance video.

**CHICAGO OFFICE** PH (312) 372-0770  /  FAX (312-372-9818  **INDIANA OFFICE** PH (219) 791-1900  /  FAX (219) 791-1901
SUITE 2700  /  33 WEST MONROE ST  /  CHICAGO, IL 60603-5404  SUITE A  /  8488 GEORGIA ST.  /  MERRILLVILLE, IN 46410
WWW.JOHNSONANDBELL.COM

This ban supersedes any invitation, offer, coupon or other similar offer which you have received or may hereafter receive from Hollywood Casino Lawrenceburg. Effective immediately/upon receipt of this letter, your presence on Hollywood Casino Lawrenceburg property constitutes criminal trespass in violation of Indiana Code.

Very truly yours,

**JOHNSON & BELL, P.C.**

Edward W. Hearn